OPINION OF THE COURT
Eve Preminger, S.
This application, by the administrator of the estate of a decedent who died on July 13, 1991, for permission to renounce all the decedent’s interests in an inter vivas trust illustrates the power of the disclaimer as a tool of postmortem estate planning. Disclaimers of property interests pursuant to section 2518 of the Internal Revenue Code (28 USC) (which are referred to as renunciations under the governing substantive law, EPTL 2-1.11) generally come before the court in 1 of 2 ways. In most cases the disclaimer is simply presented for review before it is filed with the court under EPTL 2-1.11. But *237 where the interest to be disclaimed is that of a decedent, as in this case, or of an infant or other person under a disability for whom a fiduciary has been appointed by this court, the cited statute requires that the court expressly authorize the disclaimer, which requires the institution of a proceeding on notice to all interested parties.
Disclaimers are most frequently used to transfer property (to the persons who would receive it if the person disclaiming was not living at the required time) without gift or estate tax consequences. In the instant case the administrator has an unusually sophisticated plan: he seeks permission to disclaim interests which expired upon the death of his decedent to prevent their inclusion in the gross estate for estate tax purposes.
The decedent was the beneficiary of an inter vivas trust created by his father, the petitioner, in 1985 and initially funded with $10. Under the terms of the trust, decedent was entitled to income and principal in the absolute discretion of the trustees, but he had the right to draw down in each year such amount as was added to the fund that year (other than accumulated income). Assets which presently have very substantial value were added to the trust by the grantor in the ensuing years. The trust fund was to be paid over to the beneficiary in three , installments at five-year intervals, if then living, beginning at age 35. At the time of his death, which occurred before he had attained age 21, the beneficiary had a limited power to appoint the trust fund among his issue; as he had no issue, the trust fund is to be paid to the parallel trusts for decedent’s brother and sister.
In fact decedent never received any distributions from his trust. In 1989, he disclaimed his right of withdrawal from the trust, inclusive of the prior years, 1985 through 1988, in an effort to avoid being taxed as the owner of a portion of the trust for income tax purposes under section 678 of the Internal Revenue Code. Petitioner alleges that this may not have been a qualified disclaimer for tax purposes because decedent retained an interest in the trust (26 CFR 25.2518-3 [d], example 21). Accordingly, the administrator now seeks to exercise the right to disclaim which decedent possessed because he had not attained age 21, and to renounce decedent’s entire interest in this trust. Judicial permission is required, both to permit a renunciation which is more than nine months later than the effective date of the disposition (EPTL 2-1.11) and to authorize the fiduciary to renounce.
*238 This application underscores one of the areas in which the requirements for a qualified disclaimer under the Internal Revenue Code are not congruent with the requirements of EPTL 2-1.11. The State statute does not extend the permissible nine months’ period for renunciation where the person seeking to disclaim has not reached age 21, whereas under Internal Revenue Code § 2518 (b) (2) (B), the period is nine months from the later of the date of the transfer creating the interest sought to be disclaimed, or the date when such person attains age 21. Hence the request for a judicial extension of the time for filing a renunciation which may be granted on a showing of reasonable cause under EPTL 2-1.11 (b) (2). Such extension of the time to renounce could not, of course, extend the permissible period for a tax effective disclaimer under the Internal Revenue Code.
This application is granted. The operation of the disclaimer to avoid estate tax upon this premature death is not conceptually distinguishable from the more familiar instance of the disclaimer by a postdeceased legatee’s executor to avoid the estate tax in that estate.